## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

BANK OF NEW YORK MELLON,

Plaintiff,

v.

FOOTHILLS AT MACDONALD RANCH
MASTER ASSOCIATION, *et al.*,

Defendants.

Case No. 2:17-cv-01195-APG-PAL

**ORDER STAYING CASE**

This is one of many disputes over the effect of a nonjudicial foreclosure sale conducted by a homeowners association ("HOA") after the prior owner failed to pay HOA assessments. On August 12, 2016, a divided Ninth Circuit panel in *Bourne Valley Court Trust v. Wells Fargo Bank* held that Nevada Revised Statutes Chapter 116's HOA nonjudicial foreclosure scheme, as it existed before the statutory scheme was amended in 2015, "facially violated mortgage lenders' constitutional due process rights." 832 F.3d 1154, 1155 (9th Cir. 2016); *but see id.* at \*6-11 (Wallace, J., dissenting). Those motions were denied and the mandate issued on December 14, 2016. *Bourne Valley Court Tr. v. Wells Fargo Bank*, 9th Cir. Dkt. No. 15-15233, ECF Nos. 75, 76.

The Supreme Court of Nevada recently decided *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, holding that "the Due Process Clauses of the United Sates and Nevada Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien." 388 P.3d 970, 975 (Nev. 2017). The losing parties in both *Bourne Valley* and *Saticoy Bay* have indicated they intend to file petitions for certiorari in the United States Supreme Court. Because *Bourne Valley* and *Saticoy Bay* reached opposite conclusions, the constitutionality of Nevada's HOA nonjudicial foreclosure scheme may be decided by the United States Supreme Court. *See* Sup. Ct. R. 10(b) (identifying as a compelling reason for granting certiorari that "a state court of last resort has decided an important federal question in a way that conflicts with the

decision . . . of a United States court of appeals"). I therefore *sua sponte* stay this case pending a decision on the petitions for certiorari in *Bourne Valley* and *Saticoy Bay*.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). I find that a *Landis* stay is appropriate here.

The crux of the parties' dispute is whether the HOA foreclosure sale extinguished the deed of trust. If the HOA sale was void because Chapter 116 is facially unconstitutional, then the parties' dispute is, in large part, resolved or at least simplified. The Supreme Court's consideration of the petitions in *Bourne Valley* and *Saticoy Bay* thus could be dispositive of this case, or at least of significant issues in the case. As the jurisprudence and the parties' arguments in this area evolve, the parties file new motions or move to supplement the pending briefs, burdening our already-busy docket. *Bourne Valley* and *Saticoy Bay* no doubt will inspire more motions and supplements. Staying this case pending the Supreme Court's disposition of the petitions in *Bourne Valley* and *Saticoy Bay* will permit the parties to present arguments and evidence in the context of complete and resolved precedent, and it will allow me to evaluate the claims in light of this legal authority. Consequently, a stay pending the disposition of the certiorari proceedings will simplify the proceedings and promote the efficient use of the parties' and the court's resources.

Resolving the claims or issues in this case before the Supreme Court decides whether to grant or deny the petitions could impose a hardship on both parties. A stay will prevent unnecessary or premature briefing on *Bourne Valley* and *Saticoy Bay*'s impact on this case.

The potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they intend to file in the future. But a delay would also result from new briefing that may be necessitated if the Supreme Court grants certiorari. So a stay pending the Supreme Court's decision will not necessarily lengthen the life of this case. Any possible damage that a stay may cause is minimal.

Finally, I expect the stay pending the Supreme Court's disposition of the petitions for certiorari to be reasonably short. The petition in *Bourne Valley* was filed on April 3, 2017. The petition in *Saticoy Bay* is due April 25, 2017. The length of this stay is tied to the Supreme Court's decision on the petitions for certiorari, so the stay will be reasonably brief and is not indefinite.[1] The stay will remain in place until the proceedings in the Supreme Court have concluded.

IT IS THEREFORE ORDERED that this case is administratively **STAYED**. Once the proceedings in the United States Supreme Court in *Bourne Valley Court Trust v. Wells Fargo Bank* and *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage* have concluded, any party may move to lift the stay. **Regardless of this stay, the plaintiff shall timely serve process upon the defendants and file proof of service.**

DATED this 2nd day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The Supreme Court of Nevada stayed the issuance of the remittitur in *Saticoy Bay* pending the Supreme Court's disposition of the certiorari proceedings. No. 68630, Dkt. No. 17-04543 (Nev. Feb. 8, 2017).