# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16,<br><br>Plaintiff<br><br>v.<br><br>FOOTHILLS AT MACDONALD RANCH MASTER ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and NEVADA ASSOCIATION SERVICES, INC.,<br><br>Defendants | Case No.: 2:17-cv-01195-APG-PAL<br><br>**Order (1) Granting in Part Defendant Foothills at MacDonald Ranch Master Association's Motion to Dismiss; (2) Granting Defendant SFR Investments Pool 1, LLC's Motion to Dismiss; (3) Granting Plaintiff Bank of New York Leave to Amend; (4) Denying Motion to Certify; and (5) Denying Motions for Summary Judgment**<br><br>[ECF Nos. 27, 28, 48, 53, 63, 65] |

Plaintiff Bank of New York (BONY) sues to determine whether a non-judicial foreclosure sale conducted by defendant Foothills at MacDonald Ranch Master Association (Foothills) extinguished BONY's deed of trust that encumbered property located at 1680 Liege Drive in Henderson, Nevada. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the homeowners association (HOA) foreclosure sale.

BONY sues for declarations that its deed of trust remains as an encumbrance against the property and that it may enforce the deed of trust through either a judicial or non-judicial foreclosure sale. BONY also sues Foothills and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS), for equitable indemnification and wrongful foreclosure in the event that BONY's deed of trust was extinguished by the HOA sale.

SFR and Foothills separately move to dismiss, contending BONY's claims are untimely. Foothills alternatively contends that the amended complaint fails to state a claim for equitable

indemnification because Foothills owed no duty to BONY and there is no contract between the parties. After briefing on the motions to dismiss was completed, I issued a decision in another case in which I held that the four-year catchall was the applicable limitations period for similar quiet title claims by lienholders. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Following that ruling, BONY requested that I certify to the Supreme Court of Nevada the question of which statute of limitations applies. SFR opposes certification.

The parties are familiar with the facts and I will not repeat them here except where necessary to resolve the motions. I grant SFR's motion and grant in part Foothills' motion.

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitations period begins to run "from the day the cause of

action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

The HOA foreclosure sale took place on July 27, 2012, the trustee's deed upon sale was recorded on August 1, 2012, and BONY filed the original complaint in this matter on April 27, 2017. ECF Nos. 1 at 1; 24 at 7. Consequently, claims that are governed by a limitation period of four years or less are untimely.

**A. Declaratory Relief (Count One)**

Count one of the amended complaint seeks a declaration that the deed of trust still encumbers the property or that the HOA sale was void. ECF No. 24 at 7-10. SFR and Foothills contend that this claim alleges statutory violations under Nevada Revised Statutes Chapter 116 and generally challenges Foothills' authority to foreclose as it did, and thus a three-year limitation period applies under Nevada Revised Statutes § 11.190(3)(a). Alternatively, they argue the four-year catchall provision in § 11.220 applies.

BONY responds that no limitation period applies because the sale was conducted pursuant to an unconstitutional statute and thus is void as a matter of law. BONY also argues that its claim is based on the fact that it tendered the superpriority amount and that the sale

3

should be set aside for fraud, oppression, or unfairness, so its claim does not necessarily rely on statutory violations. BONY asserts a variety of reasons as to why its claim is timely, including that (1) the time to enforce the deed of trust has not expired, so its claim about the continued validity of the deed of trust is timely; (2) its declaratory relief claim is a defense to a future wrongful foreclosure claim by SFR if BONY proceeds with a foreclosure; (3) non-judicial foreclosures are not subject to a statute of limitations, so a declaratory relief claim seeking permission to foreclose likewise has no limitation period; (4) even if a limitation period applies, it would be 10 years from acceleration or maturity under § 106.240; and (5) its claim is subject to a five-year limitation period for quiet title claims.

Alternatively, BONY argues that if a shorter limitation period applies, BONY's complaint should relate back to when it initiated non-judicial foreclosure proceedings, or the limitation period should be equitably tolled because SFR did nothing in response to BONY's notice of breach and election to sell. BONY similarly argues that SFR should be estopped from asserting a statute of limitations defense or that SFR waived that defense because SFR did not take action in response to BONY's recorded notice of breach.

I have previously ruled that the four-year catchall limitation period in § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Country Garden Owners Ass'n*, 2018 WL 1336721, at *2. In doing so, I rejected an argument similar to BONY's that a five-year limitation period applies. *See id.*

BONY relies on *Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068 (Nev. 2017) (en banc) to argue no limitation period applies to its quiet title claim because it could still conduct a non-judicial foreclosure. In *Facklam*, the Supreme Court of

Nevada held that no statute of limitation applies to a non-judicial foreclosure because such statutes apply only to judicial actions. 401 P.3d at 1070-71. *Facklam* has no application here because BONY commenced this judicial action, to which a statute of limitations applies.

Alternatively, BONY contends that if a limitation period applies, its claim is governed by Nevada Revised Statutes § 106.240. That section provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This section is not a statute of limitation. It "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001).

Finally, BONY argues its declaratory relief claim is a defense to a future wrongful foreclosure claim by SFR if BONY proceeds with a foreclosure and defenses have no statute of limitations. Generally, a party can assert defenses "that, if raised as claims, would be time-barred," because the statute of limitations "should be used only as a shield, not a sword." *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033-34 (9th Cir. 2003) (noting that otherwise, a potential plaintiff could wait until a limitation period expired and "then pounce on the helpless defendant"); *see also Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964) ("Limitations do not run against defenses."). But that does not mean that defenses are never subject to a statute of limitations.

For example, in *City of Saint Paul*, the City filed suit for declaratory relief against a counter-party to a settlement agreement two years after the limitation period for a claim by a

5

governmental entity had expired. 344 F.3d at 1032-33. The defendant counterclaimed, to which the City then asserted as defenses mirror images of its affirmative claims. *Id.* at 1033. The district court ruled the City's claims for relief were untimely but ruled on the merits of the City's defenses. *Id.*

On appeal, the Ninth Circuit held the City's defenses were also time-barred. *Id.* at 1035-36. In doing so, the Ninth Circuit stated that "the emphasis [is] on the respective roles of the parties in the litigation as a whole," and thus "whether affirmative defenses are exempt from statutes of limitations largely hinges on a realistic assessment of the parties' litigation posture." *Id.* at 1035. The City was the "aggressor" in the litigation by initiating the lawsuit and by "disturb[ing] the equilibrium between the parties" by challenging in court the agreement's validity. *Id.* The Ninth Circuit described the City's conduct as follows:

> At bottom, this lawsuit boils down to the City's effort to invalidate the agreement. TDX's counterclaims were filed in response to the City's claims, not as affirmative claims for relief. Indeed, the City's defenses to those counterclaims are mirror images of its time-barred claims. No matter what gloss the City puts on its defenses, they are simply time-barred claims masquerading as defenses and are likewise subject to the statute of limitations bar. In launching the current litigation, the City abandoned its right to seek solace in the status of a defendant. In the circumstance presented here, the City cannot hide behind the maxim applicable to defenses asserted in the normal course nor may it sidestep the temporal bar to its claims.

*Id.* at 1035-36.

Like the City in *Evans*, at bottom, count one of BONY's lawsuit is to determine whether the HOA sale extinguished the deed of trust. That claim is expired, however, and I predict[1] the Supreme Court of Nevada would not allow BONY to evade the limitation period on that claim

---

[1] *See Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007) ("If the state's highest appellate court has not decided the question presented, then [the federal court] must predict how the state's highest court would decide the question.").

6

by re-characterizing it as a defense. *See id.* (stating "a plaintiff cannot engage in a subterfuge to characterize a claim as a defense in order to avoid a temporal bar"). I do not decide whether BONY will be able to assert its arguments as defenses should SFR ever sue BONY because that issue is not before me.

BONY's first claim for declaratory relief is thus untimely, unless some other reasons exist to extend or dispense with the statute of limitations. BONY suggests multiple grounds for why its claim is timely, including that the sale was conducted pursuant to an unconstitutional statute, that the amended complaint should relate back to when BONY initiated non-judicial foreclosure proceedings, that SFR (but not Foothills or NAS) waived the defense or should be estopped from asserting it, or that the limitation period should be equitably tolled.

BONY cites no authority for its argument that if the sale was conducted pursuant to an unconstitutional statute, no limitation period applies. The Supreme Court of Nevada has applied a statute of limitations to a claim alleging that tax revenues were unevenly distributed pursuant to an unconstitutional statute. *See City of Fernley v. State, Dep't of Tax*, 366 P.3d 699, 707 (Nev. 2016) (en banc). The Supreme Court of Nevada thus applies statutes of limitations to acts taken pursuant to an allegedly unconstitutional statute.

BONY likewise cites no authority for the proposition that a complaint may relate back to pre-litigation events. Under Federal Rule of Civil Procedure 15(c) an "amendment to a pleading relates back to the date of the original pleading" under certain circumstances. The Rule applies to amendments of pleadings, not the original complaint, and it allows relation back to the date of the original complaint, not some event prior in time. Nevada's relation-back rule is the same. *See* Nev. R. Civ. P. 15(c) ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the

7

original pleading, the amendment relates back to the date of the original pleading."). BONY's complaint does not relate back to when BONY filed the notice of default and election to sell.

As for waiver,[2] estoppel,[3] and equitable tolling,[4] BONY relies on facts that are not alleged in the amended complaint. Specifically, in BONY's opposition it asserts that it filed a notice of breach and election to sell in 2015, that SFR did nothing in response, and that NAS was representing to mortgage lenders that the HOA foreclosure sales NAS was conducting would not extinguish deeds of trust. *See* ECF No. 35 at 10, 14-15. Because BONY has not plausibly alleged in the amended complaint facts supporting its waiver, estoppel, and equitable tolling theories, I grant the motions to dismiss the declaratory relief claim in count one, but without

---

[2] Under Nevada law, "[w]aiver requires the intentional relinquishment of a known right." *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Court ex rel. Cty. of Clark*, 152 P.3d 737, 740 (Nev. 2007) (en banc). To infer intent from a party's conduct, that conduct "must clearly indicate the party's intention." *Id.* And to infer waiver from conduct, the conduct must be "so inconsistent with an intent to enforce the right as to induce a reasonable belief that the right has been relinquished." *Id.* "[D]elay alone is insufficient to establish a waiver." *Id.*

[3] "Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005) (quotation omitted). For equitable estoppel to apply:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

*Id.* (quotation omitted). "[S]ilence can raise an estoppel quite as effectively as can words." *Id.* (quotation omitted).

[4] "Equitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claim is a procedural technicality." *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011). Equitable tolling "is appropriate only when the danger of prejudice to the defendant is absent and the interests of justice so require." *Id.* (quotation omitted). Nonexclusive factors to consider when determining whether it would be just to employ equitable tolling include: "the claimant's diligence, the claimant's knowledge of the relevant facts, the claimant's reliance on authoritative statements made by the administrative agency, and whether these statements misled the claimant." *Id.* at 672.

prejudice to BONY amending to add facts that would make plausible the potential for waiver, estoppel, or equitable tolling. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). I express no opinion at this time whether BONY's arguments in its opposition would support waiver, estoppel, or equitable tolling. That will depend on what BONY alleges in an amended complaint.[5]

**B. Declaratory Relief in Count Two**

In count two, BONY seeks a declaration that it may enforce the deed of trust through a judicial or non-judicial foreclosure. ECF No. 24 at 11. The parties raise similar arguments about this claim's timeliness.

"A claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." *Zuill v. Shanahan*, 80 F.3d 1366, 1369-70 (9th Cir. 1996), as amended (June 14, 1996). Where "a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (quotation omitted).

---

[5] Amendment would not be futile, despite Foothills' argument that declaratory relief is a remedy and not a claim. The Declaratory Judgment Act allows for federal courts to provide the remedy of a declaratory judgment in a case involving an actual controversy falling within the federal court's subject matter jurisdiction. *See* 28 U.S.C. § 2201(a). In such a case, "the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 Fed. Appx. 398, 400-01 (5th Cir. 2011) (unpublished); *see also Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990) ("Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action."). The underlying claim in count one of BONY's amended complaint is to adjudicate rights in property under Nevada Revised Statutes § 40.010. BONY thus is asserting a claim and seeks a declaratory judgment as the remedy.

That leads to the question of what form of action is at issue in count two. BONY states that it seeks a declaration that it may foreclose non-judicially or judicially. A foreclosure is a remedy for breach of a promissory note secured by a deed of trust. *Facklam*, 401 P.3d at 1070 ("When the grantor defaults on the note, the deed-of-trust beneficiary can select the judicial process for foreclosure pursuant to NRS 40.430 or the 'nonjudicial' foreclosure-by-trustee's sale procedure under NRS Chapter 107."). But BONY has not sued the borrower and does not seek to actually foreclose. Instead, it asks permission to do so in some separate proceeding after this case concludes. The fact that BONY seeks declaratory relief against SFR, and not the borrower, shows that what BONY really wants in count two is a declaration that the HOA foreclosure sale did not extinguish its deed of trust. BONY's allegations confirm that is, at bottom, what BONY seeks. *See* ECF No. 24 at 11 (alleging in count two that the controversy is between SFR and BONY because "SFR claims an interest in the property by way of the HOA foreclosure sale" but BONY asserts its deed of trust remains an encumbrance on the property "because the deed of trust remains on the property after the HOA foreclosure sale or the HOA foreclosure sale was void"). In other words, count two is a repeat of count one. As such, it is duplicative and untimely, so I dismiss it.

Count two is not only the same as count one, it raises potential problems with this court issuing an advisory opinion, which I cannot do. *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). A claim (including one for declaratory relief) must present "concrete legal issues" in an "actual case[]," not "abstractions." *Id.* (quotation omitted). The borrower is not a party to this action. And there are many defenses and issues in a foreclosure that would not necessarily be litigated in this declaratory relief action. Instead, a declaratory judgment in this case granting BONY permission to foreclose would result in either an irrelevant abstraction if BONY did not then

commence a foreclosure, or a wasteful and duplicative proceeding because assuming BONY was successful in getting the declaration it wants, it would then have to commence a non-judicial[6] or judicial foreclosure. That is the "actual" proceeding in which the concrete issues should and would be resolved, not this one.

### B. Equitable Indemnification (Count Three)

Count three asserts that Foothills and NAS must equitably indemnify BONY if the deed of trust was extinguished by the HOA foreclosure sale. ECF No. 24 at 11-12. Foothills argues this claim is untimely because it also is based on alleged statutory violations. Alternatively, Foothills argues BONY fails to state a claim for equitable indemnification because there is no statutory or contractual duty of good faith running between Foothills and BONY. Foothills contends the Covenants, Conditions, and Restrictions (CC&Rs) cannot fill this gap because the Supreme Court of Nevada has already held that an HOA's CC&Rs cannot waive the HOA's right to a superpriority lien.

BONY responds that implied indemnity rests on equitable considerations and looks at whether it is fair, given the parties' relationship, to require Foothills and NAS to pay for the losses BONY allegedly incurred or will incur if its deed of trust is extinguished. BONY contends it is fair to hold Foothills and NAS liable because they wrongfully refused to accept BONY's tender of the superpriority amount. BONY further asserts this claim is not time barred because the limitation period does not begin to run for this type of claim until BONY suffers an actual loss due to an underlying judgment, which BONY contends would be if and when a court rules that its deed of trust is extinguished.

---

[6] Seeking a judicial declaration that BONY may proceed with a non-judicial foreclosure is also inconsistent with a non-judicial foreclosure, which is to be conducted without court intervention.

Equitable indemnity claims are governed by § 11.190(2)(c)'s four-year limitation period for actions on implied contracts. *Saylor v. Arcotta*, 225 P.3d 1276, 1278-79 (Nev. 2010). This period does not begin to run until the alleged indemnitee suffers an actual loss by having to pay a settlement or judgment to a third party. *Id.* at 1279; *see also Rodriguez v. Primadonna Company*, 216 P.3d 793, 801 (Nev. 2009) (stating the remedy of equitable indemnity generally "is available after the defendant has extinguished its own liability through settlement or by paying a judgment"); *Aetna Casualty & Surety v. Aztec Plumbing*, 796 P.2d 227, 229 (Nev. 1990) ("A cause of action for indemnity or contribution accrues when payment has been made."). There is no allegation BONY has paid a settlement or judgment, so this claim is not time-barred.

Foothills has failed to establish that as a matter of law the relationship between an HOA and a bank who lends money to homebuyers in an HOA community is too attenuated to support equitable indemnification. "In evaluating a claim for implied indemnity, courts must carefully examine both parties' conduct on a case-by-case basis, with the ultimate goal of doing what is fair or just." *Hydro-Air Equip., Inc. v. Hyatt Corp.*, 852 F.2d 403, 406 (9th Cir. 1988). "While it is true that the obligation to indemnify clearly arises in certain situations, for example, when a master-servant relationship exists, implied equitable indemnity may be entirely proper if it is simply fairer to shift the burden of loss." *Id.* Thus, it is for the finder of fact to "examine the relationship or nexus between the parties when evaluating whether it is fair to require the indemnitor to pay the losses incurred." *Id.*

As to Foothills' argument that an HOA cannot waive its superpriority lien, that is true. *See RLP-Vervain Court, LLC v. Wells Fargo*, No. 65255, 2014 WL 6889625, at *1 (Nev. Dec. 5, 2014) ("[A]n association may not waive its right to a priority position for the association's superpriority lien."); *SFR Investments Pool 1*, 334 P.3d at 418-19. But that does not necessarily

12

mean that an HOA cannot take other actions that might subject it to an equitable indemnification claim. I therefore deny Foothills' motion to dismiss this claim.

This is not to say that I am holding BONY has a viable equitable indemnification claim in these circumstances. To the contrary, the doctrine does not appear to apply at all to this situation. *See, e.g.*, *Rodriguez*, 216 P.3d at 801 ("A claimant seeking equitable indemnity must plead and prove that: (1) it has discharged a legal obligation owed to a third party; (2) the party from whom it seeks liability also was liable to the third party; and (3) as between the claimant and the party from whom it seeks indemnity, the obligation ought to be discharged by the latter."). However, Foothills has not moved to dismiss on this basis, so I do not dismiss BONY's claim at this point. That being said, if BONY amends its complaint, it should consider whether equitable indemnification is a proper claim in this context.

### C. Wrongful Foreclosure (Count Four)

Count four asserts a wrongful foreclosure claim against Foothills and NAS. Foothills argues this claim is barred by the three-year limitation period in § 11.190(3)(a) because it is based on statutory violations. BONY responds that it did not know its deed of trust might have been extinguished by the HOA sale until the Supreme Court of Nevada issued its decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 335 P.3d 408 (Nev. 2014) (en banc). Alternatively, BONY argues its claim is not even ripe yet because it will not suffer damages until a court declares that its deed of trust was extinguished. BONY also contends that if this claim is subject to a limitation period, then the six-year period for contracts applies because Foothills and NAS breached the CC&Rs by refusing to provide the superpriority payoff amount.

As an initial matter, I reject BONY's argument that the limitation period began running when the Supreme Court of Nevada issued the *SFR* decision. Simply reading the statute that

grants HOAs a superpriority lien would have put BONY on notice of the possibility that its deed of trust was in jeopardy. Indeed, its own allegations show the *SFR* decision was not unanticipated, nor did banks assume that the superpriority lien was not triggered until the deed of trust holder foreclosed, because BONY alleges that its predecessor attempted to pay off the superpriority amount. ECF No. 24 at 6. Further, *SFR* "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc). The limitation period started running on the date the trustee's deed upon sale was recorded because BONY knew or should have known of its injury at that time. *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) ("If the facts giving rise to the cause of action are matters of public record then the public record gave notice sufficient to start the statute of limitations running." (quotation and alteration omitted)).

BONY contends this claim is not ripe because no court has declared its deed of trust extinguished so it has not yet suffered any damages. This argument is belied by the fact that BONY brings this claim now even though its deed of trust has not been declared extinguished. *See Country Garden Owners Ass'n*, 2018 WL 1336721, at *3 (rejecting a similar argument); *U.S. Bank Nat'l Ass'n v. Woodland Vill.*, No. 3:16-cv-00501-RCJ-WGC, 2016 WL 7116016, at *3 (D. Nev. Dec. 6, 2016) (same). Because BONY's interest in the property was called into question at the time of the foreclosure sale due to the HOA's superpriority lien, BONY knew as of the foreclosure sale that either its deed of trust was not extinguished so it was not damaged, or its deed of trust was extinguished so it was damaged. No later than when the trustee's deed upon sale was recorded, BONY (or its predecessor) knew the content of the HOA's notices, knew that Foothills had rejected tender, and knew the property had been sold at a foreclosure sale for

$23,000. Thus, based on the amended complaint's allegations, BONY had the facts supporting its contention that the HOA foreclosure sale was improperly conducted as of the date of the foreclosure sale. *See Country Garden Owners Ass'n*, 2018 WL 1336721, at *3; *Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017) (holding the plaintiff's predecessor-in-interest "could have asserted claims for violation of NRS 116.113 and wrongful foreclosure as soon as it obtained facts to support a contention that the HOA's sale of the Property was improper"). BONY does not identify any other fact that it discovered after the HOA foreclosure sale that would extend the limitation period for this claim.

That leaves the question of what limitation period applies to this claim. "The nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016) (en banc). "Typically, when a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Id.* (quotation and alteration omitted). Where a claim may not be analogized "to any other type of claim consistently," such as where the claim could be based on multiple different types of allegations, the four-year catchall in Nevada Revised Statutes § 11.220 applies. *Id.* at 261-62.

A wrongful foreclosure claim may be based on statutory violations or it may be a tort. *Hines v. Nat'l Default Servicing Corp.*, No. 62128, 2015 WL 4611941, at *2 (Nev. July 31, 2015). BONY alleges both. For example, the amended complaint alleges the sale was wrongful because Foothills and NAS failed to give adequate notice and "violated the good faith requirements of NRS 116.1113." ECF No. 24 at 13. These allegations seek damages based on statutory violations and, as such, are barred by the three-year limitation period in § 11.190(3)(a).

BONY also asserts the foreclosure was wrongful for reasons that are not necessarily based on statutory violations. For example, BONY alleges the sale should be equitably set aside and that Foothills and NAS wrongfully rejected tender. *Id.* at 13. I recently ruled in another case that because a tortious wrongful foreclosure claim could be analogous to many different claims with varying limitation periods depending on the reasons the foreclosure allegedly was wrongful, the claim cannot consistently be analogized to any other type of claim. I thus ruled that the four-year catchall limitation is appropriate for a tortious wrongful foreclosure claim. *Deutsche Bank Nat'l Trust Co. v. Absolute Collection Servs., LLC*, 2:17-cv-02436-APG-VCF, ECF No. 30 (D. Nev. July 18, 2018). Because BONY filed its complaint more than four years after the HOA foreclosure sale, its tortious wrongful foreclosure claim is untimely, so I dismiss it. However, as with BONY's declaratory relief claim in count one, I grant leave to amend to add facts that would support waiver, estoppel, or equitable tolling.

**D. Certifying Question to the Supreme Court of Nevada**

BONY asserts that the Supreme Court of Nevada's decision in *City of Fernley* establishes that BONY's declaratory relief claims are timely. But BONY argues that if I disagree, I should certify to that court what statute of limitations governs BONY's claims because there is a lack of consensus on the issue. SFR argues BONY should be estopped from arguing anything other than a five-year limitation period applies because that is what BONY argued to another judge in another case. SFR contends certification is unnecessary because I have already ruled what limitation period applies. Alternatively, SFR contends that if I choose to certify, the question BONY proposes needs to be modified.

*City of Fernley* does not support BONY's argument that no limitation period applies to its declaratory relief claims. In that case, the declaratory and injunctive relief claims were not time-

16

barred because those claims sought to prevent future constitutional violations. *City of Fernley*, 366 P.3d at 707-08. Here, BONY does not seek declarations that HOA sales in the future cannot extinguish deeds of trust. Instead, it seeks a declaration that an HOA sale that occurred in 2012 did not extinguish its deed of trust. BONY cannot resurrect an expired claim by repackaging it as one for declaratory relief. *See Levald, Inc.*, 998 F.2d at 688 ("To prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labelling—styling an action as one for declaratory relief rather than for damages—courts must necessarily focus upon the substance of an asserted claim as opposed to its form. It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy." (quotation omitted)); *Taxpayers Allied for Constitutional Taxation v. Wayne Cty.*, 537 N.W.2d 596, 600 n.9 (Mich. 1995) ("Declaratory relief may not be used to avoid the statute of limitations for substantive relief.").[7]

Whether to certify a question to a state supreme court lies within my discretion. *Thompson v. Paul*, 547 F.3d 1055, 1059 (9th Cir. 2008). I decline to do so here. I am granting BONY leave to amend to assert facts supporting theories of waiver, estoppel, and equitable tolling. If BONY is successful on any of these theories, its declaratory relief claim will not be time-barred, so certification would not resolve a dispositive issue in this case. The Supreme Court of Nevada is already inundated with HOA foreclosure cases, as is this court. I will not, at this time, add to its already burdened docket when I have already ruled on what I believe is the applicable limitation period for BONY's claim.

---

[7] *City of Fernley* positively cited *Wayne County* for the proposition that statutes of limitations may vary depending on the type of relief sought. 366 P.3d at 706-07. *City of Fernley* cited also cited *Kirn v. Noyes*, which dealt with the application of a license and order from a regulatory authority pursuant to which the plaintiff would make milk deliveries in the future. 366 P.3d at 706 (citing *Kirn v Noyes*, 262 A.D. 581 (N.Y. Sup. Ct. 1941)).

### E. Summary

Counts one and four of BONY's complaint are untimely, but I grant leave for BONY to amend to add facts supporting its theories of waiver, estoppel, and equitable tolling. Count three is timely and Foothills has not shown it should be dismissed. Count two is duplicative of count 1 so it is untimely, and it seeks an advisory opinion. I deny the recently-filed motions for summary judgment, because they are directed at the claims in the amended complaint. And I deny the motion to certify a question to the Supreme Court of Nevada.

I end with a comment on the parties' briefs, which have become vitriolic in this case. I recognize these HOA foreclosure cases have been hard fought for many years now. But that does not excuse references to SFR attempting to "steal" the property at issue or stating that one of BONY's arguments is "the height of absurdity and demonstrates a sociopathic sense of entitlement." *See* ECF Nos. 35 at 19; 37 at 11. I refer counsel to Local Rule 1-1(c) regarding civility and professionalism.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Foothills at MacDonald Ranch Master Association's motion to dismiss **(ECF No. 27) is GRANTED in part**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 28) is GRANTED**.

IT IS FURTHER ORDERED that plaintiff Bank of New York may file an amended complaint to allege facts supporting waiver, estoppel, or equitable tolling on or before September 21, 2018.

IT IS FURTHER ORDERED that plaintiff Bank of New York's motion to certify a question of law to the Supreme Court of Nevada **(ECF No. 48) is DENIED**.

IT IS FURTHER ORDERED that the parties' summary judgment motions **(ECF Nos. 53, 63, 65) are DENIED without prejudice to renew**.

DATED this 7th day of September, 2018.

                                            ANDREW P. GORDON
                                            UNITED STATES DISTRICT JUDGE