## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON,<br><br>    Plaintiff<br><br>v.<br><br>FOOTHILLS AT MACDONALD RANCH MASTER ASSOCIATION, et al.,<br><br>    Defendants | Case No.: 2:17-cv-01195-APG-PAL<br><br>**Order Granting Motion for Preliminary Injunction**<br><br>[ECF Nos. 88, 89] |

Plaintiff Bank of New York (BONY) sues to determine whether a non-judicial foreclosure sale conducted by defendant Foothills at MacDonald Ranch Master Association (Foothills) extinguished BONY's deed of trust that encumbered property located at 1680 Liege Drive in Henderson, Nevada. Defendant SFR Investments Pool 1, LLC (SFR) purchased the property at the homeowners association (HOA) foreclosure sale. I previously dismissed BONY's complaint, ruling that its claims were untimely. ECF No. 66. However, I granted BONY leave to amend if it could allege facts supporting some form of tolling of the statute of limitations. *Id.* BONY filed a second amended complaint, which SFR and Foothills again move to dismiss. ECF Nos. 71, 80, 81.

In the meantime, BONY recorded a notice of sale on the subject property and set the non-judicial foreclosure sale for December 7, 2018. ECF No. 88-2. In response, SFR moved for an emergency injunction enjoining the sale. ECF Nos. 88, 89. I set the matter for hearing on December 3, 2018.[1]

---

[1] BONY refused SFR's request to postpone the sale so that the motion for injunctive relief could be briefed in the ordinary course. BONY's refusal is troubling given that BONY waited over 10 years from the borrower's default, over six years after the HOA foreclosure sale,

To obtain a preliminary injunction, SFR must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors SFR, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, SFR must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in SFR's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

**A. Likelihood of Success on the Merits**

SFR argues it is likely to succeed on the merits because BONY's claims are time-barred. BONY responds that SFR cannot request a preliminary injunction because it has no claim in this case upon which to base a request for relief. BONY contends that, because jurisdiction in this case is based on diversity, I must refer to Nevada state law, and Nevada Revised Statutes § 33.010 limits the availability of injunctive relief to plaintiffs. BONY contends SFR has not asserted any counterclaims in this case, so it cannot obtain injunctive relief under that statute.

BONY does not contest that if SFR can obtain injunctive relief as a defendant, then there are at least serious questions on the merits of BONY's claims. I have already dismissed BONY's complaint as being time-barred, and SFR and Foothills have moved to dismiss BONY's second amended complaint. Consequently, if SFR can obtain injunctive relief, the first factor weighs in favor of injunctive relief.

---

and over a year and a half since it commenced this action to initiate a non-judicial foreclosure sale. There was and is no emergency for BONY to conduct the sale on December 7. BONY is cautioned that future unreasonable refusals of requests to address similar matters on a non-emergency basis may result in sanctions.

As to whether SFR can obtain injunctive relief solely as a defendant, it is not clear that I must refer to Nevada law in determining whether SFR is substantively entitled to injunctive relief. BONY's second amended complaint asserts both diversity and federal question jurisdiction. ECF No. 71. The cases on which BONY relies were premised on diversity jurisdiction. *See Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) ("[W]e hold that the California anti-injunction statute should be followed in this diversity case."); *IRIS Mgmt. Grp., LLC v. Malan*, 329 F. App'x 112, 113 (9th Cir. 2009); *IRIS Mgmt. Grp., LLC v. Malan*, 2:08-cv-00857-RCJ-RJJ, ECF No. 1 (complaint asserting only state law claims).

If Federal Rule of Civil Procedure 65 controls, its plain language does not preclude the possibility that a defendant who has not asserted a counterclaim could obtain injunctive relief. That Rule speaks in terms of the "movant" and the "adverse party," not plaintiff or defendant. Fed. R. Civ. P. 65(a)(1), (b), (c). That language allows for the possibility of a counterclaimant being the movant seeking an injunction. And it allows for the possibility of a defendant without a counterclaim seeking injunctive relief.

SFR does not cite any Nevada or federal authority to support the proposition that a defendant can obtain injunctive relief even if that defendant has not asserted a counterclaim. BONY has not offered any federal case law to show a defendant cannot seek injunctive relief unless it asserts a counterclaim. Thus, there are serious questions going to whether SFR, as a defendant who has not asserted a counterclaim, can obtain injunctive relief.

To preserve the status quo while the parties brief additional issues, and because several factors favor an injunction if SFR can seek injunctive relief as a defendant, I will temporarily enjoin BONY from selling the property at a non-judicial foreclosure sale until I rule on whether a defendant may obtain injunctive relief without asserting a counterclaim.

### B. Likelihood of Irreparable Harm

SFR has shown that it will suffer irreparable harm if the sale proceeds because it will be deprived of its ownership interest in the property. *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) ("[R]eal property and its attributes are considered unique and loss of real property rights generally results in irreparable harm . . . ."). This factor therefore weighs in favor of entering an injunction.

### C. Balance of the Hardships

SFR owns the property and is at risk of having that property sold to another party, thus complicating this already complex situation and inviting yet another lawsuit. A foreclosure would disrupt SFR's contractual relationship with renters in this house, and affect SFR's relationships with its other tenants in similar properties. In contrast, BONY is delayed a little longer in foreclosing on a property for which it has already waited more than ten years to initiate foreclosure. BONY has not identified any harm it would suffer beyond carrying costs if it cannot foreclose immediately. Those costs are capable of being remedied through monetary relief. Consequently, the balance of hardships tips strongly in SFR's favor.

### D. Public Interest

Finally, the public interest weighs in favor of an injunction so that the legal issue BONY raises can be fairly adjudicated on the merits and so that the renters are not unnecessarily disrupted in the enjoyment of their rental property while this matter is resolved. BONY allowed the status quo to develop by permitting SFR to possess and rent out the property for years without challenging the effect of the HOA foreclosure sale, and now it wants to disrupt the status quo by conducting a non-judicial foreclosure sale. The public interest weighs in favor of allowing the parties and the court time to resolve on the merits the legal issue BONY raises.

**E. Bond**

I will impose a $10,000 bond to cover potential costs and damages BONY may sustain if wrongfully enjoined. Fed. R. Civ. P. 65(c). I decline to impose the over $2 million bond BONY requests because it has presented no evidence that a temporary delay in the foreclosure will result in the total loss of the property.

**F. Conclusion**

IT IS THEREFORE ORDERED that defendant SFR Investments Pool 1, LLC's motion for preliminary injunction **(ECF Nos. 88, 89) is GRANTED.**

IT IS FURTHER ORDERED that until further order of the court, plaintiff Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA16, Mortgage Pass-Through Certifies, Series 2006-OA16, and its agents are **RESTRAINED AND ENJOINED** from (1) advertising for sale, continuing with foreclosure proceedings, selling, transferring, or otherwise conveying the real property commonly known as 1680 Liege Drive, Henderson, Nevada 89012; Parcel No. 178-28-212-045 (the "Property"); and (2) entering the Property or disturbing the tenants.

IT IS FURTHER ORDERED that on or before December 7, 2018, defendant SFR Investments Pool 1, LLC shall be required to post a bond in the amount of $10,000.

IT IS FURTHER ORDERED that while this preliminary injunction remains in force, defendant SFR Investments Pool 1, LLC (1) shall pay all taxes, insurance, and homeowners assessments for the Property; (2) shall not permit any other liens to encumber the property; and (3) shall otherwise reasonably maintain the property in the state that it currently exists.

IT IS FURTHER ORDERED that on or before December 14, 2018, defendant SFR Investments Pool 1, LLC shall file a brief regarding whether, under both federal and Nevada law,

it may obtain injunctive relief as a defendant with no counterclaim.  Plaintiff BONY may file a response on or before December 31, 2018.

IT IS FURTHER ORDERED that on or before December 14, 2018, BONY may file a brief requesting a larger bond amount.  If that is filed, SFR may file a response on or before December 31, 2018.

DATED this 3rd day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE