# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

FOOTHILLS AT MACDONALD RANCH MASTER ASSOCIATION, et al.,

    Defendants

Case No.: 2:17-cv-01195-APG-PAL

**Order Denying Motion for Reconsideration and Motion for Preliminary Injunction**

[ECF Nos. 119, 120]

    I previously granted defendant SFR Investments Pool 1, LLC's motion for a preliminary injunction and temporarily enjoined plaintiff Bank of New York Mellon (BONY) from proceeding with a non-judicial foreclosure of the property that lies at the heart of this lawsuit. ECF No. 95. I directed the parties to file supplemental briefs regarding the propriety of continuing to enjoin the sale given that SFR has not filed a counterclaim in this case. I then denied SFR's supplemental motion for a preliminary injunction. ECF No. 117. SFR moves for reconsideration and again moves for a preliminary injunction. I deny the motions.

# I. ANALYSIS

    A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 BR 207, 209 (D. Nev. 2004). Additionally, a motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

SFR contends my order was clearly erroneous because it is was based on "the premise that the deed of trust is valid until proven extinguished." ECF No. 119 at 2. SFR states in its reply that I "found the burden lies with SFR i.e. that SFR has to prove the sale extinguished the deed of trust, and until such time as this is proven, the deed of trust remains valid." ECF No. 129 at 3. SFR is incorrect that I made any such findings. Indeed, I said nothing about whether the deed of trust was valid or about who bore the burden of proof regarding the deed of trust's validity. My order was based on the fact that the only claims pending before this court are asserted by BONY. Thus, the best result SFR can hope for in this case (at least at this juncture), is that BONY loses on its claims. If BONY nevertheless attempts to proceed with a non-judicial foreclosure, it perhaps does so at its peril from claims SFR may pursue against BONY.

But at least as of this date, SFR has asserted no claims against BONY and has no right to affirmative relief in the form of an injunction in this lawsuit. As I stated in my prior order, under federal law, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). That is because a preliminary injunction "is appropriate when it grants relief of the same nature as that to be finally granted." *Id.* at 636

(citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)); *see also Profil Institut Fur Stoffwechselforschung GmbH v. ProSciento, Inc.*, No. 16CV1549-LAB (BLM), 2017 WL 1394089, at *1 (S.D. Cal. Feb. 28, 2017) (relying on *De Beers* to deny injunctive relief to a defendant who had not asserted a counterclaim).

SFR's reliance on *Resources Group, LLC v. Nevada Association Services, Inc.*, is misplaced. That case discussed the burdens of proof in litigation. --- P.3d ----, 135 Nev. Adv. Op. 8, 2019 WL 1233076, at *1, 3 (Nev. 2019) (en banc). It says nothing about whether a party who has not asserted a claim or counterclaim nonetheless may obtain injunctive relief to stop the non-judicial foreclosure of a deed of trust that no court has declared invalid (or valid).

I therefore deny SFR's motion for reconsideration. I also deny SFR's motion for preliminary injunction because, although SFR states that it intends to file a counterclaim if necessary, it has not done so. The analysis in my prior order thus still applies.

IT IS THEREFORE ORDERED defendant SFR Investments Pool 1, LLC's motion for reconsideration **(ECF No. 119)** and motion for a preliminary injunction **(ECF No. 120) are DENIED**.

DATED this 23rd day of April, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE