UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br><br>v.<br><br>FOOTHILLS AT MCONALD RANCH MASTER ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:17-cv-01195-APG-BNW<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Presently before the court is defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Leave to Amend Counter-Claim and Motion to Amend Caption (ECF Nos. 154, 156), filed on July 31, 2019. Plaintiff The Bank of New York Mellon (the "bank") filed a response (ECF No. 157) on August 14, 2019. SFR replied (ECF No. 158) on August 21, 2019.

Also before the court is SFR's Motion to Enter Supplemental Discovery Plan and Extend Close of Discovery (ECF No. 159), filed on September 4, 2019. The bank filed a response (ECF No. 160) on September 18, 2019. SFR replied (ECF No. 161) on September 25, 2019. The court heard argument on the motions on December 17, 2019. (Mins. of Proceedings (ECF No. 173).)

Also before the court is the parties' Supplemental Discovery Plan and Scheduling Order Regarding SFR's Counter-Claims/Cross-Claims (ECF No. 153). In the proposed scheduling order, SFR requests new discovery deadlines related to its counterclaims and crossclaims, and the bank contends SFR is not entitled to any additional discovery as to its counterclaims.

**I.     Background**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary to resolve the motions. This is an HOA foreclosure case in which the bank sued to determine whether a non-judicial foreclosure sale conducted by defendant Foothills

1 at MacDonald Ranch Master Association extinguished BONY's deed of trust that encumbered property located at 1680 Liege Drive in Henderson, Nevada. SFR purchased the property at the HOA foreclosure sale.

SFR moved to dismiss, arguing the bank's claims are barred by the statute of limitations. (Mot to Dismiss (ECF No. 19).) The bank filed an amended complaint. (Am. Compl. (ECF No. 24).) SFR again moved to dismiss, arguing the bank's claims are time barred. (Mot. to Dismiss (ECF No. 28).) The court entered a scheduling order, which set the deadline to amend the pleadings for January 30, 2018, and the close of discovery for April 30, 2018. (Scheduling Order (ECF No. 32).) The parties stipulated to extend the close of discovery to June 29, 2018. (Order (ECF No. 40).)

The court granted SFR's motion to dismiss but gave the bank leave to amend based on equitable tolling. (Order (ECF No. 66).) The bank filed a second amended complaint. (Second Am. Compl. (ECF No. 71).) In light of the second amended complaint, the court held a discovery status hearing and granted the parties additional limited discovery based on the amendment with a new discovery deadline of November 2, 2018. (Mins. of Proceedings (ECF No. 74).) SFR subsequently moved to dismiss the bank's second amended complaint. (Mot. to Dismiss (ECF No. 80).)

On November 6, 2018, the bank recorded a notice of non-judicial foreclosure sale under its deed of trust. (*See* ECF No. 89 at Ex. B-2.) SFR then moved for a temporary restraining order and preliminary injunction to stop the foreclosure. (Mot. for TRO (ECF No. 89).) At the December 13, 2018, hearing on the motion for injunctive relief, SFR's attorney and the court had a colloquy regarding the fact discovery was closed and that SFR would need to file a motion to reopen discovery if it elected to file a counterclaim. (Tr. (ECF No. 101) at 21.) The court temporarily granted SFR's motion for preliminary injunction and ordered supplemental briefing on whether a defendant without a pending counterclaim may obtain injunctive relief. (Order (ECF No. 95).) After considering the parties' supplemental briefs, the court vacated its injunction. (Order (ECF No. 117).)

The bank recorded a second notice of non-judicial foreclosure sale on March 5, 2019. (ECF No. 120 at Ex. A-2.) SFR moved for reconsideration of the court's denial of injunctive relief and filed a second motion for preliminary injunction. (ECF Nos. 119, 120.) On April 23, 2019, court declined to reconsider and denied the second motion for injunctive relief, stating that it could not grant injunctive relief because SFR had no counterclaim. (Order (ECF No. 133).) The same day as the court's order, SFR filed its answer to the complaint, counterclaim, and crossclaim. (ECF No. 134.) SFR's pleading added the bank's trustee, Quality Loan Service, as a defendant and asserted four claims: (1) cancellation of written instrument—NOD and NOS #2, (2) cancellation of written instrument—deed of trust, (3) cancellation of written instrument—deed of trust, and (4) violation of Nevada Revised Statutes § 107.028 (against Quality). (*Id.*)

SFR subsequently filed a third preliminary injunction motion. (Mot. (ECF No. 138).) Then the court dismissed the Bank's claims against SFR as time barred. (Order (ECF No. 140).) The court also denied SFR's third preliminary injunction motion. (Order (ECF No. 152).) The parties engaged in a supplemental Rule 26(f) conference and submitted a proposed discovery plan in which SFR proposed re-opening discovery and the Bank objected to additional discovery. (Proposed Discovery Plan (ECF No. 153).)

The bank foreclosed on the property on July 10, 2019. (Resp. (ECF No. 157) at Ex. 1.) SFR now seeks to amend its counterclaim, arguing it has new claims that are now ripe due to the foreclosure. (Mot. to Amend (ECF No. 154).) SFR's proposed amended counterclaim would allege claims for (1) cancellation of written instrument—deed of trust, (2) cancellation of written instrument—deed of trust, (3) cancellation of written instrument—deed of trust, (4) quiet title, (5) wrongful foreclosure, and (6) violation of Nevada Revised Statutes § 107.028. (Proposed Am. Counterclaim & Cross-Claim (ECF No. 154-1).) SFR also seeks to amend the caption.[1] The bank opposes amendment.

---

[1] The court compared the caption of the proposed amended counterclaim with the current caption, and it is unclear to the court how SFR seeks to amend the caption. The court therefore will recommend that SFR's request to amend the caption be denied without prejudice for the parties to meet and confer regarding the correct caption. Based on SFR's motions, it appears the parties already have discussed the

## II. Analysis

SFR moves to amend its counterclaim, arguing it has new claims that were not previously available to it before the bank's foreclosure of the property. SFR argues the bank will not be prejudiced by amendment because discovery has not yet begun on SFR's counterclaims because the court has not approved SFR's proposed discovery plan. It further argues it does not bring the motion in bad faith or with a dilatory motive and states that the motion to amend is timely under the discovery schedule it proposed. Finally, SFR argues amendment is not futile because the foreclosure gave rise to additional new claims.

The bank responds that SFR's motion to amend is untimely, prejudicial, and futile and that SFR does not demonstrate good cause or excusable neglect for its late request to extend the scheduling order. The bank argues that SFR was on notice of its proposed claims as early as when it was served with process and at the latest by the time it filed its first motion for preliminary injunction in November 2018. The bank also argues amendment is prejudicial to the parties, who engaged in nearly a year of discovery. Finally, the bank argues amendment would be futile.

SFR replies it has been diligent in moving this case forward. It states it sought leave to amend within 21 days of the foreclosure sale. SFR also represents that this case was implicated by global settlement discussions with the bank. SFR also argues it did not take certain discovery in reliance on the bank's representation that it would not be seeking to enforce the deed of trust by way of its quiet title action. Finally, SFR argues amendment is not futile.

Generally, "a party may amend its pleadings once as a matter of course" within twenty-one days of service, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2). The court has broad discretion to grant or deny leave to amend, but it should grant leave when "justice so requires."

---

issue and that a proposed stipulation is in draft for the bank's consideration. (Mot. to Amend (ECF Nos. 154, 156) at 4.)

*Id.*; *see also Mir v. Fosburg*, 646 F.3d 342, 347 (9th Cir. 1980). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

However, when the court has entered a pretrial scheduling order under Rule 16 of the Federal Rules of Civil Procedure, a request for leave to amend the pleadings is controlled by Rule 16(b), rather than Rule 15(a). *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). Only if the movant establishes good cause to modify the scheduling order under Rule 16 does the court consider whether amendment is proper under Rule 15. *See id.* at 609. Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609 (good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension").

A party's carelessness cannot support a finding of diligence. *Johnson*, 975 F.2d at 609. Further, the good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action. *See United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007); *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quotation omitted).

Although Rule 16 does not require a showing of prejudice, the court may consider whether prejudice would result to the party opposing amendment. *Coleman*, 232 F.3d at 1295. Prejudice has been found where the plaintiff moved to amend late in the proceedings, thereby requiring the defendant to go "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation omitted). It is within the court's discretion whether to modify the scheduling order's amendment deadline. *Dang*, 488 F.3d at 1142-43.

1    Here, SFR has not showing good cause for amending the scheduling order under Rule 16
2    because it was not diligent. The deadline to move to amend the pleadings was January 30, 2018,
3    but SFR did not move to amend its counterclaim until July 31, 2019. SFR offers several
4    explanations for why it did not timely seek to extend the scheduling order, including the fact the
5    parties were discussing a global settlement and representations the bank made about its intentions
6    to pursue non-judicial foreclosure. But SFR does not explain why it did not move to extend the
7    scheduling order's deadlines before they expired, if for no other reason than to preserve its
8    options in the event settlement did not occur and until the court resolved the pending motions to
9    dismiss and for preliminary injunction.

10   Although SFR argues its counterclaims related to the wrongful foreclosure were not ripe
11   until the bank foreclosed on the property in July 2019, at the latest, SFR was aware of the facts
12   and theories underlying its potential foreclosure-related claims at the time it filed its first motion
13   to enjoin the foreclosure in November 2018. Indeed, at the hearing on the motion for preliminary
14   injunction, there was a colloquy between the court and SFR's counsel regarding whether SFR
15   would be moving to reopen discovery. If SFR had moved to reopen discovery in late 2018, there
16   would have been little to no prejudice to the bank. But at this point, the bank would be prejudiced
17   by the late amendment, which would require continued litigation on a new theory of recovery.
18   Further, although the foreclosure sale occurred after the scheduling order's deadlines had passed,
19   the issue of whether the deed of trust was extinguished by the statute of limitations has been
20   litigated throughout this case.

21   Given that the court finds there is not good cause to amend the scheduling order and is
22   therefore recommending denial of the motion to amend, the court does not express an opinion on
23   whether SFR's proposed counterclaims are futile. Further, because the court is recommending
24   that SFR's motion to amend be denied, the court will deny without prejudice SFR's motion to
25   enter supplemental discovery plan (ECF No. 159) as well as SFR's proposed discovery plan (ECF
26   No. 153). If the United States district judge assigned to this case does not adopt the
27   undersigned's recommendation with respect to the motion to amend, SFR may renew its motions
28   regarding the discovery schedule.

### III. Conclusion and recommendation

IT IS THEREFORE RECOMMENDED that SFR's Motion for Leave to Amend Counter-Claim and Motion to Amend Caption (ECF Nos. 154, 156) be DENIED. To the extent SFR seeks to amend the caption, it is recommended that the motion be denied without prejudice for the parties to meet and confer regarding a stipulation to amend the caption.

IT IS ORDERED that SFR's Motion to Enter Supplemental Discovery Plan and Extend Close of Discovery (ECF No. 159) is DENIED without prejudice.

IT IS FURTHER ORDERED that the parties' Supplemental Discovery Plan and Scheduling Order Regarding SFR's Counter-Claims/Cross-Claims (ECF No. 153) is DENIED without prejudice.

### IV. Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 3, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE