UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>     Plaintiff<br><br>v.<br><br>THE FOOTHILLS AT MACDONALD RANCH MASTER ASSOCIATION, et al.,<br><br>     Defendants | Case No.: 2:17-cv-01195-APG-BNW<br><br>**Order Granting Motion for Judgment on the Pleadings**<br><br>[ECF No. 163] |

This case arises out of disputes about the validity of a deed of trust following a non-judicial foreclosure sale conducted by a homeowners association (HOA). Plaintiff The Bank of New York (BONY) filed suit to determine whether the deed of trust remains an encumbrance on the property following the HOA sale. I dismissed BONY's declaratory relief claim as time-barred. *See* ECF No. 140.

Defendant SFR Investments Pool 1, LLC (SFR), which purchased the property at the HOA foreclosure sale, filed a counter-claim against Quality Loan Service Corporation, Inc. (Quality). ECF No. 134.[1] SFR alleges Quality violated Nevada Revised Statutes § 107.028 because, after the HOA foreclosure sale, Quality conducted a foreclosure sale of the property without obtaining a court order stating that the deed of trust was still a valid encumbrance on the property. SFR contends that without such a court order, Quality knew or should have known the deed of trust was unenforceable. SFR also alleges that Quality's directors, Kevin McCarthy and

---

[1] SFR refers to Quality as a "Cross-Defendant" (*see* ECF No. 134 at 14:23) even though Quality was not named as a defendant in the complaint. I presume SFR intended to join Quality as an involuntary plaintiff because Quality is aligned with BONY. *Cf.* Fed. R. Civ. P. 19(a)(2).

Thomas Holthus of McCarthy & Holthus, LLP, have represented BONY and thus Quality did not act impartially with respect to the deed of trust as it is required to do.

Quality moves for judgment on the pleadings, contending that it cannot be liable to SFR for carrying out its duties as trustee under the deed of trust. Quality contends that BONY had no obligation to obtain a judicial declaration that the deed of trust was not extinguished by the HOA sale before it could foreclose on the deed of trust. Quality also argues that even though BONY's claims in this case are time-barred, that did not extinguish the deed of trust because no statute of limitations applies to a non-judicial foreclosure. Finally, Quality contends that the identity of its directors is irrelevant because nothing in Nevada law precludes Quality from acting as trustee if its directors represent or previously have represented the lender, so long as Quality acts impartially and in good faith with respect to the deed of trust.

SFR responds that I must take the allegations in its counter-claim as true, including that certain transfers of the note and deed of trust were invalid, that Quality did not act impartially, that Quality acted in bad faith by foreclosing on the deed of trust because BONY did not have the authority to foreclose, and that Quality knew or should have known the deed of trust was extinguished. SFR contends there is a presumption that the deed of trust was extinguished by the HOA sale and the only way for BONY to foreclose (and for Quality to conduct that foreclosure as trustee) was for BONY to first obtain a declaration that the deed of trust was "resurrected." ECF No. 167 at 5.

I grant Quality's motion because SFR has not plausibly alleged that Quality violated § 107.028. However, I grant SFR leave to amend because it is possible that SFR could plausibly allege Quality knew or should have known the deed of trust was extinguished but proceeded with foreclosure anyway.

## I. ANALYSIS

"Judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009) (quotation omitted). A motion for judgment on the pleadings is the functional equivalent of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Harris v. Orange Cty.*, 682 F.3d 1126, 1131 (9th Cir. 2012). Consequently, I must determine whether SFR's counter-claim contains "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Id.* SFR must assert sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Validity of Transfers

SFR makes several factual allegations related to the assignment of the deed of trust to BONY as trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-OA16, Mortgage Pass-Through Certificates, Series 2006-OA16. In response to Quality's motion, SFR mentions these allegations but does not present argument as to why they pertain to SFR's counterclaim against Quality. If SFR is contending BONY lacked standing to enforce the note and deed of trust so Quality should not have foreclosed at BONY's direction, SFR lacks standing to challenge the assignments because it is not a party to those agreements. *See, e.g.*, *Wood v. Germann*, 331 P.3d 859, 861 (Nev. 2014) (holding that a borrower "who is neither a party nor an intended third-party beneficiary of [a pooling and servicing agreement] lacked standing to

challenge the assignment's validity" where the loan was assigned after the closing date in the pooling and servicing agreement); *Greenwood v. Ocwen Loan Servicing, LLC*, 800 F. App'x 502, 504 (9th Cir. 2020) (affirming dismissal because the borrowers "could not state a claim based on alleged irregularities in the assignments of the promissory note and deed of trust").

### B. Identity of the Trustee's Directors

SFR alleges that two of Quality's directors represent or previously represented BONY so Quality did not act impartially. Under Nevada law, Quality does not have a fiduciary duty to either "the grantor or any other person having an interest in the property which is subject to the deed of trust." Nev. Rev. Stat. § 107.028(6). Rather, the trustee's duty is to "act impartially and in good faith with respect to the deed of trust and . . . act in accordance with the laws of this State." *Id.* "A rebuttable presumption that a trustee has acted impartially and in good faith exists if the trustee acts in compliance with the provisions of NRS 107.080." *Id.*

Even taking as true that two of Quality's directors represent or previously represented BONY, SFR does not plausibly allege that Quality did not act impartially or in good faith. Nothing in either § 107.028 or § 107.080 prohibits a trustee's directors from representing (either currently or in the past) the deed of trust beneficiary. Nor does SFR point to anything in the deed of trust that would prohibit it. Accordingly, I grant Quality's motion as to this allegation.

### C. Validity of the Deed of Trust

SFR alleges that Quality did not act in good faith or in accordance with Nevada law because it conducted foreclosure proceedings even though it knew or should have known that the deed of trust was extinguished by the HOA foreclosure sale. SFR contends that the deed of trust is presumptively extinguished by an HOA sale. Thus, according to SFR, BONY cannot foreclose unless it first obtains a court order establishing that the deed of trust survived the sale.

Quality responds that there is no presumption that an HOA sale extinguishes the deed of trust, so the premise underlying SFR's claim is incorrect.

Nevada Revised Statutes § 116.3116(2) "gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc), *holding modified by Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) (en banc).  There is a presumption that an HOA foreclosure sale was properly conducted. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646 (Nev. 2017) (citing Nev. Rev. Stat. § 47.250(16)).  However, there is no Nevada law dictating that the deed of trust holder must obtain a court order establishing the deed of trust's validity before proceeding with a non-judicial foreclosure.  To the contrary, the Supreme Court of Nevada has stated that in some circumstances, such as when there has been a valid tender of the superpriority amount before the sale, the deed of trust is preserved by operation of law and no further action is required. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116, 120-21 (Nev. 2018) (en banc) (holding valid tender of the superpriority amount voids the sale with respect to the deed of trust by operation of law and tender need not be kept good by paying it into court or bringing an action to show the tender was valid).

It is only if the deed of trust holder wants a judicial declaration of validity that it must timely file suit.  As I have previously explained in this case, the "consequence of the statute of limitations running" on BONY's declaratory relief claim "is that BONY may not pursue claims in a judicial action.  It does not result in cancellation of the deed of trust nor does it preclude the possibility of BONY pursuing a non-judicial foreclosure to which no statute of limitations applies." ECF No. 152 at 3 (citing *Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg.*

*Loan Tr.*, 401 P.3d 1068, 1070 (Nev. 2017) (en banc) ("[L]enders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed.")).

SFR's premise that Quality should have known the deed of trust was invalid because of the HOA foreclosure sale and no court order is not plausible. There are many reasons even a properly conducted HOA sale may not extinguish a deed of trust, including that there was no superpriority lien, there was valid tender, or the federal foreclosure bar precluded extinguishment.[2] And there is no court order confirming the deed of trust was extinguished. SFR has not plausibly alleged that Quality knew or should have known the deed of trust was extinguished. I therefore grant Quality's motion for judgment on the pleadings.

However, I grant SFR leave to amend this claim because it is not clear that amendment would be futile. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, [d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." (quotation omitted)). SFR may file the amended counterclaim by July 10, 2020.

/ / / /

/ / / /

---

[2] *See, e.g.*, *Bank of Am., N.A.*, 427 P.3d at 120 ("[T]ender of the superpriority portion of an HOA lien satisfies that portion of the lien by operation of law"); *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 365 (Nev. 2018) (en banc) (holding that the federal foreclosure bar "invalidates any purported extinguishment of a regulated entity's property interest while under the [Federal Housing Finance Agency's] conservatorship unless the [Agency] affirmatively consents"); *Daisy Tr. v. Bank of New York Mellon*, No. 70804, 2018 WL 1876197, at *1 (Nev. App. Apr. 9, 2018) (holding the HOA's foreclosure sale could not have extinguished the deed of trust because "there was no superpriority lien to foreclose upon" where there were no unpaid assessments at the time the notice of delinquent assessment lien was recorded).

## II. CONCLUSION

I THEREFORE ORDER that counter-defendant Quality Loan Service Corporation's motion for judgment on the pleadings **(ECF No. 163) is GRANTED**.

I FURTHER ORDER that by July 10, 2020, counter-claimant SFR Investments Pool 1, LLC may file an amended counterclaim correcting the deficiencies noted in this order with respect to the counterclaim against Quality Loan Service Corporation if facts exist to do so.

DATED this 26th day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE